UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BASIR ABDUL-NAFI, #1202606,

                Petitioner,

v.                                                    ACTION NO. 2:18cv608

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Basir Abdul-Nafi ("Abdul-Nafi"), a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 11) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.    STATEMENT OF THE CASE

On August 31, 2009, in the Circuit Court for the City of Hampton (the "trial court"), Abdul-Nafi pled not guilty to aggravated sexual battery and inanimate object sexual penetration. ECF No. 13-3 at 1. During jury selection, one prospective juror answered in the affirmative when asked if she "had any dealings with or representation by any of the attorneys employed" by defense counsel's firm. ECF No. 1-2 at 1–2. After the jury was selected and sworn, Abdul-Nafi's counsel and counsel for the Commonwealth made a joint motion for a mistrial based on the juror's response

during *voir dire* that she was currently a client of defense counsel's law partner. *Id.* at 5–6. The trial court granted the motion for a mistrial. *Id.* at 6–7.

Four years later,[1] on August 15, 2013, Abdul-Nafi, proceeding *pro se* with stand-by counsel, pled not guilty to aggravated sexual battery and inanimate object sexual penetration. Trial Tr. (Aug. 15, 2013) at 4–18, *Commonwealth v. Basir Abdul-Nafi*, No. 08-1114-00, 01 (Va. Cir. Aug. 15, 2013). A jury was selected and sworn, and the complaining witness testified. *Id.* at 183-85, 193–314.

At the beginning of the second day of his trial, on August 16, 2013, Abdul-Nafi withdrew his plea of not guilty and entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to the charge of aggravated sexual battery. ECF No. 13-1. During the plea colloquy, Abdul-Nafi represented that he had discussed the charge, the elements, the sentencing guidelines, and any possible defenses with stand-by counsel. Trial Tr. (Aug. 16, 2013) at 6, 10. Abdul-Nafi stated he had adequate time to discuss his case, any possible defenses, and whether he should plead guilty with standby counsel, and that he was satisfied with the services of standby counsel. *Id.* at 6–7, 11. Abdul-Nafi indicated that, after discussing the matter with standby counsel, he decided to enter an *Alford* plea, and that he freely and voluntarily entered the plea because he felt "the evidence that the Commonwealth has is sufficient to render a verdict of guilty." *Id.* at 7. He indicated he understood that "the effect of [his *Alford*] plea is the same as a guilty plea," and that he was waiving his right to defend himself against the charge. *Id.* at 8. In a written plea agreement, Abdul-Nafi agreed "to waive the formal presentation of the evidence and to stipulate that [the] evidence, if presented, would be sufficient to convict him of the charge." ECF No. 13-2 at 1.

---

[1] During this time, multiple motions for a continuance were granted. *Commonwealth v. Basir Abdul-Nafi*, No. 08-1114-00, 01 (Va. Cir. 2009–2013); ECF No. 13 at 2. The majority of the requests were filed by Abdul-Nafi. *Id.*

2

Based on Abdul-Nafi's oral plea colloquy, and the written plea agreement, the trial court found Abdul-Nafi guilty of aggravated sexual battery, in violation of Virginia Code § 18.2-67.3, and sentenced him to 20 years in prison, with 10 years suspended. ECF No. 13-1; Trial Tr. (Aug. 16, 2013) at 18. Pursuant to Abdul-Nafi's plea agreement, the Commonwealth moved to *nolle prosequi* the charge of sexual penetration with an object, and the trial court granted the motion. ECF No. 13-2 at 3.

Abdul-Nafi appealed his conviction to the Court of Appeals of Virginia, arguing that the trial court "erred in accepting the *Alford* plea because he did not enter it knowingly and intelligently." ECF No. 13-4 at 1. The Court of Appeals of Virginia denied Abdul-Nafi's appeal initially on March 10, 2014, and a three-judge panel of the court denied his appeal on May 30, 2014. *Id.* at 3–7. The Supreme Court of Virginia denied and dismissed Abdul-Nafi's petition for appeal on December 2, 2014. ECF No. 13-5.

Abdul-Nafi filed a petition for a writ of habeas corpus with the trial court alleging he was denied effective assistance of counsel when his trial counsel failed to: (1) "argue double jeopardy after [a] juror . . . had been sworn and impaneled" because he "had a valued right to have that jury decide his case" and his retrial "was barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments"; and (2) "consult with Abdul-Nafi at a critical stage of the trial, before concurring in a joint motion prompted by the Commonwealth's attorney . . . result[ing] in the declaration of a mistrial with counsel corruptly selling out Abdul-Nafi's interest not to be twice placed in jeopardy, solely to afford the Commonwealth's attorney a more favorable opportunity to convict Abdul-Nafi." *Abdul-Nafi v. Dir. Of Dept. of Corrections*, No. 1202606 (Va. Cir. Mar. 18, 2016), Pet. 8–9; ECF No. 13-6 at 3–4. The trial court dismissed the petition on the merits on January 4, 2017, finding Abdul-Nafi's claims failed to establish either prong of the *Strickland* test.

ECF No. 13-6 at 4 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). His petition for appeal to the Supreme Court of Virginia was refused on April 19, 2018. ECF No. 13-7 at 3.

On November 13, 2018, Abdul-Nafi filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Abdul-Nafi asserts, as he did in state court, that he is entitled to relief because he was denied effective assistance of counsel due to his trial counsel's failure to: (1) argue his retrial was barred by the Double Jeopardy Clause because he "possessed a valued right to have [the first jury empaneled] decide his case"; and (2) consult with Abdul-Nafi before "concurring in a joint motion prompted by the Commonwealth's attorney" resulting in the declaration of a mistrial. *Id.* at 7–8. On April 11, 2019, respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support. ECF Nos. 11–13. Abdul-Nafi filed an opposition to the motion to dismiss on May 1, 2019. ECF No. 16. Accordingly, this matter is ripe for review.

## II.  ANALYSIS

### A.  Standard of review for ineffective assistance of counsel claims raised in section 2254 petitions.

When a claim has been properly exhausted and adjudicated on the merits in state court, this Court assesses the state court adjudication pursuant to 28 U.S.C. § 2254(d), rather than reviewing the merits of such a claim *de novo*. Section 2254(d) provides that a federal court may not grant relief on any claim that was adjudicated on its merits in state court, unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

4

A state court decision is "contrary to" clearly established federal law when a state court applies a rule different from the governing law articulated by the United States Supreme Court or arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Williams*, 529 U.S. at 413; *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that an unreasonable "application of clearly established law must be objectively unreasonable," rather than simply "incorrect or erroneous"). Stated differently, a "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

"For a state court's factual determination to be unreasonable under [section] 2254(d)(2), it must be more than merely incorrect or erroneous. . . . It must be sufficiently against the weight of the evidence that it is objectively unreasonable." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010) (citations omitted). Pursuant to this deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

To review a claim of ineffective assistance of counsel, the Court must apply "a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quotation omitted). The applicable standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687–700 (1984), requires a petitioner to show

that his defense counsel provided assistance that (1) fell below an objective standard of reasonableness, and (2) prejudiced petitioner as a result. To establish that counsel's performance fell below an objective standard of reasonableness, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In doing so, petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

To establish prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This requires petitioner to establish "probability sufficient to undermine confidence in the outcome," rather than a mere showing that "the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693–94. Because Abdul-Nafi pled guilty, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Abdul-Nafi "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). The fundamental inquiry is whether a "reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial." *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 494 (E.D. Va. 2005); *see Hill*, 474 U.S. at 59.

A federal habeas court need not address both cause and prejudice if the petitioner makes an insufficient showing on either one. *Strickland*, 466 U.S. at 697. Because Abdul-Nafi presents these claims in a section 2254 petition, he must show that the state court's dismissal of his

6

ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard, or was predicated upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

**B. Abdul-Nafi has not shown that the state court's decision to dismiss his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, clearly established federal law, nor that it represented an unreasonable determination of the facts.**

In order for the Court to address the merits of this habeas petition, all of Abdul-Nafi's grounds must be exhausted. *See* 28 U.S.C. § 2254(b)(1)(A) (2012). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Abdul-Nafi exhausted the claims in his federal petition by raising the same claims in his habeas petition to the trial court and appealing the trial court's dismissal to the Supreme Court of Virginia. ECF Nos. 13 at 4, 13-6, 13-7.

The trial court denied and dismissed Abdul-Nafi's petition on the merits, and the Supreme Court of Virginia summarily denied and dismissed his appeal of that decision. ECF Nos. 13-6, 13-7. Therefore, the Court will review the decision of the trial court pursuant to 28 U.S.C. § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding when a reasoned state decision rejects "a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

**1. Claim I : Ineffective assistance of counsel due to counsel's failure to argue double-jeopardy**

In ground one, Abdul–Nafi argues that trial counsel should have objected to the motion for a mistrial and Abdul-Nafi's subsequent retrial, because his retrial was barred by the Double

7

Jeopardy Clause. ECF No. 1 at 7–9 ("Abdul Nafi possessed a valued right to have that jury decide his case in that proceeding because jeopardy had attached and he could not be deprived of that right because the retrial of Abdul-Nafi was barred by the . . . Fifth and Fourteenth Amendments.").

The state court denied this claim reasoning that, while the Constitution protects against double jeopardy, including Abdul-Nafi's right to have his case tried by the "'first jury empaneled to try him,'" ECF No. 13-6 at 8 (quoting *Commonwealth v. Washington*, 559 S.E.2d 636, 638 (Va. 2002)), "that right 'is not absolute.'" *Id.* (quoting *Sanders v. Easley*, 230 F.3d 679, 685 (4th Cir. 2000)). The state court further reasoned that where, as in Abdul-Nafi's case, "a mistrial is declared at the defendant's behest, he is not permitted to claim the protection of the double jeopardy bar." *Id.* (quoting *Kemph v. Commonwealth*, 437 S.E.2d 210, 213 (Va. Ct. App. 1993)). Therefore, any motion to bar Abdul-Nafi's retrial would have been frivolous, and counsel was not ineffective for failing to make a frivolous motion. *Id.* at 9 (citing *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005)).

Second, the state court found that Abdul-Nafi failed to argue that counsel's performance prejudiced the defense. *Id.* at 9–10. The state court found Abdul-Nafi's failure to allege that, but for counsel's errors, he would have pleaded not guilty and proceeded to trial, to be fatal to his claim. *Id.* at 9 (citing *Hill*, 474 U.S. at 60 (affirming the denial of habeas relief where petitioner failed to allege he would have pleaded guilty and insisted on proceeding to trial)). The state court further reasoned that, because any double jeopardy argument would have been frivolous, Abdul-Nafi could not show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

The state court's decision is not "contrary to" or "an unreasonable application of, clearly established Federal law," and is not based on an "unreasonable determination of the facts in light

8

of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The United States Supreme Court has found that the Double Jeopardy Clause bars retrial when the "error that prompted the mistrial is intended to provoke a mistrial or is 'motivated by bad faith or undertaken to harass or prejudice' the defendant." *Oregon v. Kennedy*, 456 U.S. 667, 670 (1982) (quoting *United States v. Dinitz*, 424 U.S. 600, 611 (1976)). The "double jeopardy clause does not bar reprosecution," however, "'where circumstances develop not attributable to prosecutorial or judicial overreaching, . . . even if defendant's motion is necessitated by a prosecutorial error.'" *Id.* (quoting *United States v. Jorn*, 400 U.S. 470, 485 (1971)). Further, "reprosecution of a defendant who has successfully moved for a mistrial is not barred, so long as the Government did not deliberately seek to provoke the mistrial request." *United States v. DiFrancesco*, 449 U.S. 117, 130 (1980).

Here, there is no evidence that the error which prompted the mistrial was intended to provoke a mistrial, motivated by bad faith, or intended to harass or prejudice Abdul-Nafi. *See* ECF No. 1-2. The evidence shows that, during *voir dire*, a potential juror indicated she was currently represented by defense counsel's law partner. *Id.* at 1–2, 5–6. After the jury was empaneled and sworn, Abdul-Nafi's counsel moved for a mistrial, stating that, because his law partner was representing the juror, "it would create the same situation[] as if my own current client was sitting on the jury." *Id.* at 5–6. Although Abdul-Nafi states that the motion for a mistrial was "prompted by" counsel for the Commonwealth, ECF No. 1 at 9, the record shows that Abdul-Nafi's counsel made the motion, which counsel for the Commonwealth joined. ECF No. 1-2 at 5–6 (Abdul Nafi's counsel informed the trial court that the motion was "joined in and undisputed by the Commonwealth"). The record reflects that the circumstances surrounding the mistrial were not attributable to prosecutorial or judicial overreaching, rather the grant of a mistrial originated

with the request of defense counsel and the issue raised potentially affected the fairness and impartiality of the jury. ECF No. 1-2 at 5–6.

Based on the evidence in the record, the state court's decision to deny Abdul-Nafi habeas relief on this claim for failure to meet the *Strickland* test is entitled to deference under 28 U.S.C. § 2254(d)(1)–(2), and claim I should be **DENIED**.

### 2. Claim II: Ineffective assistance of counsel due to counsel's failure to consult with defendant

In his second claim, Abdul-Nafi argues that his trial counsel rendered deficient performance by failing to consult with Abdul-Nafi before making a joint motion for a mistrial. ECF No. 1 at 8. Abdul-Nafi asserts that this failure gave the Commonwealth "a more favorable opportunity to convict Abdul-Nafi," thereby violating his right against double jeopardy. *Id.* The state court found that this argument lacked merit. ECF No. 13-6 at 10.

First, the state court found that decisions about trial tactics and legal arguments are "'left to the sound judgment of counsel,'" and counsel had no duty to consult with Abdul-Nafi prior to moving for a mistrial. ECF No. 13-6 at 10–11 (quoting *United States v. Chapman*, 593 F.3d 365, 370 (4th Cir. 2010) (holding the decision of whether to seek or forego a mistrial "remains counsel's to make even if the client expresses disagreement with the decision, and counsel's decision is not unreasonable simply because the client disagrees.")). The state court noted that Abdul-Nafi's counsel could have reasonably concluded that a juror, who was currently represented by his law partner, created a conflict that necessitated a mistrial. *Id.* at 11. The state court concluded that Abdul-Nafi failed to establish that his counsel's failure to consult with him prior to moving for a mistrial constituted deficient performance. *Id.*

Second, the state court again found Abdul-Nafi's failure to allege that, but for counsel's errors, he would have pleaded not guilty and proceeded to trial, to be fatal to his second ineffective

10

assistance claim. *Id.* at 11. Further, the court found the record did not support Abdul-Nafi's claim that counsel's failure to assert a double jeopardy defense gave "the Commonwealth's attorney a more favorable opportunity to convict" him. *Id.* at 11–12. The court noted that Abdul-Nafi failed to show that the Commonwealth's evidence varied between 2009 and 2013, and that the record shows Abdul-Nafi took a favorable plea in 2013 when the Commonwealth agreed to *nolle prosequi* the object sexual penetration charge. *Id.* at 12.

The state court's decision was not "contrary to, or involve[] an unreasonable application of, clearly established Federal law," and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Although "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal," other tactical decisions are left to the sound judgment of counsel. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Taylor v. Illinois,* 484 U.S. 400, 417–18 (1988) ("Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial. The adversary process could not function effectively if every tactical decision required client approval."). Counsel, "as a matter of professional judgment," can refuse to bring even non-frivolous arguments requested by the client. *Jones v. Barnes*, 463 U.S. at 751.

Here, defense counsel's motion for a mistrial was based on a juror's *voir dire* response indicating that she was a current client of his law partner. ECF 1-2 at 5–7. Federal law does not require defense counsel to consult with Abdul-Nafi before deciding to move for a mistrial, which is a tactical decision left to counsel's professional judgment. *Jones v. Barnes*, 463 U.S. at 751; *see also Chapman*, 593 F.3d at 370. Moreover, *Strickland* mandates that courts "strongly presume[]"

11

that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Further, Abdul-Nafi's assertion that his counsel's failure to assert a double jeopardy defense gave the Commonwealth "a more favorable opportunity to convict Abdul-Nafi," is not supported by the evidence. ECF No. 1 at 8. Abdul Nafi failed to show that the Commonwealth's evidence changed from the time of the 2009 mistrial to the 2013 *Alford* plea. ECF No. 13-6 at 12. Instead, the record shows that, after hearing the complaining witness' testimony against him in 2013, Abdul Nafi felt "the evidence that the Commonwealth has is sufficient to render a verdict of guilty." Trial Tr. (Aug. 16, 2013) at 7. Moreover, in exchange for Abdul-Nafi's plea, the Commonwealth agreed not to pursue the sexual penetration charge. ECF No. 13-1. During his plea colloquy, Abdul-Nafi stated that he had adequate time to discuss his case, any possible defenses, and whether he should plead guilty with standby counsel, and that he was satisfied with the services of standby counsel. Trial Tr. (Aug. 16, 2013) at 6–7, 11. Abdul-Nafi understood that "the effect of [his *Alford*] plea is the same as a guilty plea," and that he was waiving his right to defend himself against the charge. *Id.* at 8.

The state court's finding that Abdul-Nafi failed to establish either prong of the *Strickland* test with respect to claim II is entitled to deference under 28 U.S.C. § 2254(d)(1)–(2), and claim II should be **DENIED**.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that respondent's motion to dismiss (ECF No. 11) be **GRANTED**, and the petition for writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 13, 2019

13

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

> Basir Abdul-Nafi, #1202606
> Lunenburg Correctional Center
> 690 Falls Road
> Victoria, VA 23974

Fernando Galindo, Clerk

By_____
Deputy Clerk

December 13, 2019